Franchise Realty Interstate Corporation *v.*
General State Authority.

Argued March 6, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Edward B. Friedman,* with him *Arnold M. Friedman,* for appellant.

*H. Warren Ragot,* with him *Michael A. Madar,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, April 25, 1973:

This is an appeal from the lower court's dismissal of appellant-tenant's petition for payment to it of estimated just compensation under Section 407 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, 26 P.S. §1-407. The lower court concluded that its appointment of viewers shortly after the aforesaid petition was filed mooted appellant's petition. We affirm the lower court but for entirely different reasons.

Appellant, in its petition, avers that at the date of taking it was a lessee of a part of the condemned premises which it had subleased to a third party; that after condemnation it tendered to condemnor its "possession" of the leased portion of the premises; and that the fee owner of the premises and the Authority condemnor thereafter reached an agreement as to the value of the property incident to which $28,000 was set aside for possible claims of petitioner. Appellant seeks payment of this sum predicated upon these averments and upon a legal conclusion that the $28,000 set aside constitutes an appraisal of petitioner's leasehold interest, attributing a separate value to such interest.

Section 407 provides in part: "(b) If within sixty days from the filing of the declaration of taking, the condemnor has not paid just compensation as provided in subsection (a) of this section, the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor. If the condemnor fails to make such payment the court, upon petition of the condemnee, may compel the condemnor to file a declaration of estimated just compensation or, if the condemnor fails or refuses to file such declaration, may at the cost of the condemnor appoint an impartial expert appraiser to estimate such just compensation. The court may, after hearing, enter judgment for the amount of the estimated just compensation."

The record in this case readily reveals that appellant seeks payment to it of estimated just compensation without first having taken the necessary procedural steps required for one to become entitled thereto. Petitioner at no time either sought to "compel the condemnor to file a declaration of estimated just compensation" or, having sought the same with the condemnor failing or refusing to respond, sought the appointment of "an impartial expert appraiser to estimate such just compensation." That the condemning authority and the fee owner were aware of and made provision between themselves for possible claims by appellant as lessee out of possession incident to the condemnation in question cannot be used as an excuse for noncompliance with the statutory provisions or as a substitute for such compliance.

Even the amount of *estimated* just compensation is frequently sharply disputed. The Legislature in recognition of this fact made provision for resolution of this issue which provision must be strictly pursued, particularly since subsection (c) of this same section provides

that once determined and paid, estimated just compensation need not be paid back even though just compensation is ultimately determined to be a lesser amount.

Order affirmed.